FOXWORTHY *v.* FOXWORTHY ET AL.

[No. 16,310. Filed April 11, 1939. Rehearing denied May 23, 1939.]

*O. B. Hanger,* for appellant.

*Floyd Mattice* and *Cooper, Royse, Gambill & Craw-ford,* for appellees.

CURTIS, C. J.—This action is an appeal from the award of the full Industrial Board of Indiana in a proceeding brought by the appellant before the Industrial Board for compensation as a dependent under the Indiana Workmen's Compensation Act, by reason of an accident, allegedly resulting in the death of Ivory V. Foxworthy, husband of the appellant, Sophia M. Foxworthy, which, the appellant claims, arose out of and in the course of the decedent's employment with H. P. Foxworthy, one of the appellees.

A hearing was had on the appellant's application for compensation, and an award was made by the single member of the board against the appellant, who thereafter filed a petition for review of said award before the full Industrial Board.

The full board found against the appellant.

Omitting formal parts and parts immaterial to this opinion, the finding and award of the full board is as follows:

"And the full Industrial Board having heard the argument of counsel, having reviewed the evidence, and being duly advised therein, now finds that on March 16, 1937, while in the employ of the defendant at an average weekly wage of $30.00, one Ivory V. Foxworthy suffered an injury as the result of an accident arising out of and in the course of his employment which the defendant had knowledge and furnished medical attention; that a compensation agreement was entered into between the parties on April 6, 1937, providing for the payment of compensation at the rate of $16.50 a week, beginning March 23, 1937, to continue during temporary total disability or until terminated in accordance with the provisions of the Indiana Workmen's Com-

pensation Act; that compensation under said agreement was paid to June 15, 1937; that on July 19, 1937, defendant filed his application for the review of an award on account of a change in conditions, alleging that the disability had ended since the date of said award.

"It is further found by the full Industrial Board that the said Ivory V. Foxworthy died on January 9, 1938. That at the time of his death, the said Ivory V. Foxworthy left as his sole and only dependent, Sophia M. Foxworthy, his wife, who was wholly dependent upon him for support.

"And the full Industrial Board now finds for the defendant on plaintiff's application, that the death of the said Ivory V. Foxworthy was not directly or indirectly the result of the accidental injury suffered on March 16, 1937.

"AND BE IT FURTHER REMEMBERED that on August 18, 1937, plaintiff, Indianapolis City Hospital, filed its application for the adjustment of a claim for hospital services. . . .

"And the full Industrial Board having read the evidence taken at the time of the hearing before the single member and being duly advised therein, now finds that at the time of the accidental injury suffered by Ivory V. Foxworthy, ambulance service was required to take the said Foxworthy from the scene of the accident to the Methodist Hospital, which ambulance service was furnished by the Indianapolis City Hospital, and for which the said hospital has a set fee of five dollars.

"It is further found that on March 26, 1937, the said Ivory V. Foxworthy was taken from the Methodist Hospital to the City Hospital and entered as a private patient designated as suffering from mental and nervous disturbance; that the said Ivory V. Foxworthy remained a patient at the Indianapolis City Hospital until May 14, 1937, when he was transferred to the Central Indiana Hospital. That for services rendered at the Indianapolis City Hospital to the said Ivory V. Foxworthy, there was contracted a bill of $178.00.

"And the full Industrial Board now finds for the defendant on plaintiff's application, except as regards the five dollars for ambulance services furnished at the time of the accidental injury to said Ivory Foxworthy.

## ORDER

"IT IS THEREFORE CONSIDERED AND ORDERED by the full Industrial Board of Indiana that the plaintiff, Sophia M. Foxworthy, shall take nothing by her complaint herein and that she shall pay the cost of this proceeding.

"IT IS FURTHER ORDERED that the defendant shall pay the Indianapolis City Hospital, plaintiff herein, five dollars for ambulance service furnished at the time of the accidental injury to the said Ivory V. Foxworthy."

This appeal is from the above award. The error assigned which presents all questions sought to have reviewed is that the award of the full Industrial Board is contrary to law.

The compensation agreement referred to in the finding of the board which was made on April 6, 1937, and approved by the board was for "body bruises and fractured wrist" sustained by the appellant's husband. Under the said agreement the original award was made in his favor. It provided for compensation at the rate of $16.50 per week during his temporary total disability or until terminated in accordance with the provisions of the Indiana Workmen's Compensation Act. The injured employee died January 9, 1938. In the meantime the appellee Foxworthy had stopped payments on June 15, 1937. On July 19, 1937, the said appellee filed an application for a review of said award on account of a change in conditions, alleging therein that the disability had ended since the date of said award.

The appellant contends first that the original award bound the appellee Foxworthy to pay compensation in the instant case. In this contention the appellant is in error. It is contended secondly that the death of said decedent was due to said accident and that the accident arose out of and in the course of said employment by the appellee Foxworthy. This contention presents a question of fact. Upon hearing the

evidence the board found that the death of the appellant's decedent was not directly or indirectly the result of the accidental injury of March 16, 1937. There was some conflict in the evidence, but it is sufficient to say that there was an abundance of evidence to sustain the full board in the finding which it made. It is elementary and needs no citation of authority to the effect that this court will not, under such circumstances, substitute its judgment for the judgment of the Industrial Board.

The award is affirmed.